## IN THE UNITED STATES DISTRICT COUT
## FOR THE MIDDLE DISTRICT PENNSYLVANIA

ALYSSA ROGERS     :
280 3rd STREET      :
New Columbia, PA 17856   :   CIVIL ACTION
            :
     Plaintiff,  :
  v.        :
            :
EAST LYCOMING SCHOOL DISTRICT :   JURY TRIAL DEMANDED
349 Cemetery Street     :
Hughesville, PA 17737    :
  and       :
KEVIN STEELE      :
c/o East Lycoming School District  :
349 Cemetery Street     :
Hughesville, PA 17737    :
  and       :
MICHAEL PAWLIK     :
c/o East Lycoming School District  :
349 Cemetery Street     :
Hughesville, PA 17737    :
            :
     Defendants. :

CIVIL ACTION
DOCKET NO.: 4: CV-17- 696



FILED
WILLIAMSPORT

APR 1 9 2017

PER _____

DEPUTY CLERK

### CIVIL ACTION COMPLAINT

Alyssa Rogers (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against all Defendants for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000d. *et. seq*.), 42 U.S.C. § 1983, and initiated against Defendant Steele and Defendant Pawlik for personal liability. Plaintiff asserts, *inter alia*, that she was precluded from applying for the position of assistant varsity basketball coach by the East Lycoming School District's

Athletic Director and Superintendent due to her gender and familial relationship to the head basketball coach at the East Lycoming School District. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over the Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because substantially all of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, in addition, venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.  Plaintiff is an adult individual with an address as set forth in the above-caption.

8.  Defendant East Lycoming School District (hereinafter "Defendant District," unless otherwise indicated) is a public school district located in the Eastern portion of Lycoming County, Pennsylvania that consists of three elementary schools as well as a Junior/Senior High School.

9.  Defendant Kevin Steele (hereinafter referred to as "Defendant Steele") is, upon information and belief, the Athletic Director and high-level manager and a decision maker concerning the terms and conditions of employment for current and prospective employees (including Plaintiff) of Defendant District including but not limited to hiring, firing, and issuing discipline for all matters related to the various athletic programs.

10. Defendant Michael Pawlik (hereinafter referred to as "Defendant Pawlik") is, upon information and belief, the Superintendent and highest level manager and decision maker concerning the terms and conditions of employment for all current and prospective employees (including Plaintiff) of Defendant District including but not limited to hiring, firing, and issuing discipline.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a twenty-five (25) year old Caucasian female.

14. Plaintiff was a volunteer girls assistant basketball coach for Defendant District during the 2015-2016 season.

15. Craig Weaver, Sr. is an adult male who served as a paid assistant girls basketball coach during the time period that Plaintiff served as a volunteer assistant basketball coach.

16. Both Plaintiff and Craig Weaver, Sr. served as girl's assistant basketball coaches under the head varsity girls basketball coach, Ed Rogers, during all times relative to this matter.

17. Plaintiff is the daughter of Ed Rogers.

18. Following the conclusion of the 2015-2016 basketball season, on or about March 20, 2016, Craig Weaver Sr. resigned as the paid assistant coach.

19. Sometime during the week of April 4, 2016, Ed Rogers met with Defendant Steele wherein Defendant Steele asked Ed Rogers whether he had any candidates in mind for the paid assistant basketball coaching position that was left vacant after the resignation of Craig Weaver, Sr.

20. In response to the question posed by Defendant Steele, Ed Rogers indicated that he would like for his daughter (Plaintiff) to serve as the paid assistant basketball coach.

21. Defendant Steele stated to Ed Rogers that Plaintiff could not serve as a paid assistant due to the Defendant District's nepotism policy (hereinafter referred to as "policy") of not hiring family members on paid staff.  Defendant Steele further indicated that Defendant District's policy applied to paid positions for both the varsity and junior high level coaching positions.

22. Subsequent to the meeting between Ed Rogers and Defendant Steel, Plaintiff discussed with Defendant Steele her desire to serve as a paid assistant basketball coach under her Father, Ed Rogers.  Defendant Steele stated to Plaintiff that Defendant District had a

policy against hiring family members as paid assistants as it was a conflict of interest and Plaintiff would have no support in her pursuit of the assistant coaching position because she was the daughter of the head coach.

23. In light of the conversation between Defendant Steele and Ed Rogers and the subsequent conversation between Defendant Steele and Plaintiff regarding the impossibility of Plaintiff obtaining the position of paid assistant basketball coach due to the Defendant District's policy against hiring family members for paid positions, Ed Rogers submitted a letter of resignation.

24. The hiring structure for prospective assistant coaches at Defendant District is such that first, coaching candidates submit applications and/or resumes to be reviewed by the head coach and Defendant Steele.  Second, interviews are then conducted with the head coach and Defendant Steele.  Lastly, Defendants' Steele and Pawlik then ultimately make the recommendation for hire to the School Board of Defendant District.

25. Considering the prior conversations between Defendant Steele and Ed Rogers and Defendant Steele and Plaintiff coupled with the realization that absent the support of Defendant Steele due to the nepotism policy cited by Defendant Steele, Plaintiff did not apply for the position of paid assistant basketball coach.

26. Shortly after Ed Rogers submitted his letter of resignation, the former paid assistant girls basketball coach, Craig Weaver, Sr. applied for the varsity head girls basketball coaching position left vacant by the resignation of Ed Rogers.

27. Craig Weaver, Sr. was hired by Defendant District as the head girls varsity basketball coach.

28. Prior to Defendant District's hiring of Craig Weaver, Sr., Plaintiff's Mother, Dr. Amy Rogers, who is a member of the School Board at Defendant District learned of a rumor that Craig Weaver, Sr. sought to have his two sons hired by Defendant District as his paid assistant coaches.

29. In response to learning of the rumor that Craig Weaver, Sr. desired to hire his sons as his paid assistant coaches, Dr. Amy Rogers contacted Defendant Steele to inquire whether Defendant District's policy against hiring family members as paid assistant coaches was still in effect as previously explained by Defendant Steele to both Ed Rogers and Plaintiff. See Plaintiff Exhibit A, attached hereto.

30. Defendant Steele responded to Dr. Amy Rogers that nothing had changed regarding the hiring of family members as paid assistant coaches and that "[r]umors are rumors."  See Plaintiff Exhibit A.

31. After receiving Defendant Steele's response that nothing had changed regarding the hiring of family members as paid assistant coaches, Dr. Amy Rogers discussed Defendant District's policy with Defendant Pawlik.  Defendant Pawlik acknowledged that he first told a prior coach about the policy when the prior coach inquired about hiring his daughter as an assistant coach.  Defendant Pawlik further stated that the policy was revisited by Defendant Steele during his conversation with Plaintiff.

32.  Despite the affirmation by both Defendant Steele and Defendant Pawlik to Dr. Amy Rogers that a policy did exist precluding the hiring of family members as paid assistants when familial ties to the head coach were present, Craig Weaver, Sr.'s sons were hired by Defendant District as paid assistant girls' basketball coaches.

33.  It is further believed upon information received that prior to Ed Rogers becoming the head girls' basketball coach at Defendant District, Defendant District did hire a father and son to serve as a paid assistant girls basketball coach and head girls basketball coach, respectively.

34. In short, the assistant and head girls basketball coaches immediately preceding the tenure of Ed Rogers as head coach consisted of a father-son relationship and the head and assistant girls basketball coaches hired after the resignation of Ed Rogers consisted of a father-son relationship at the Defendant District.

35. Plaintiff therefore believes and avers that the real reason she was told by Defendant Steele and later reiterated by Defendant Pawlik that a nepotism policy existed at Defendant District was for the sole purpose of discouraging her to apply for a paid coaching position due to her gender.

### Count I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Gender Discrimination)
### -Against All Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Prior to and after the tenure of Ed Rogers as head girls basketball coach, Defendant District employed fathers and sons in the various capacities of head and assistant girls basketball coaches.

38. When Ed Rogers and Plaintiff verbalized their interest in Plaintiff serving in the capacity of a paid assistant basketball coach, Defendants' Steele and Pawlik engaged in the deceptive tactic of citing a nepotism policy purportedly embraced by Defendant District to discourage and ultimately preclude Plaintiff from applying for the paid position of assistant girls basketball coach.

39. Plaintiff believes and therefore avers that but for her gender, she would have been hired to serve in the position of a paid assistant girls basketball coach at Defendant District.

40. These actions as aforesaid constitute violations of Title VII.

## Count II
## Violation of 42 U.S.C. § 1983
## (Equal Protection)
## -Against All Defendants-

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Prior to and after the tenure of Ed Rogers as head girls basketball coach, Defendant District employed fathers and sons in the various capacities of head and assistant girls basketball coaches.

43. Plaintiff believes and therefore avers that Defendant District discriminated against Plaintiff by discouraging her application for the position of paid assistant coach by citing Defendant District's nepotism policy.  By comparison, Defendant District chose not to apply its nepotism policy to discourage the application of similarly situated male applicants.

44.  Accordingly, Plaintiff believes and therefore avers that Defendant District arbitrarily and capriciously chooses when to apply its purported nepotism policy at times convenient to Defendant District.  The arbitrary and capricious application of this policy therefore results in the unfettered ability of Defendant District to couch its discriminatory intent under the guise of a nepotism policy.

45. These actions as aforesaid constitute violations of 42 U.S.C. § 1983.

## COUNT III
## Personal Liability

46.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.  Defendant Steele and Defendant Pawlik acted in their capacity as government officials and in conspiracy with each other as hereinbefore set forth.

48.  Defendant Steele and Defendant Pawlik acted unreasonably or in violation of clearly established law or both.

49.  Defendant Steele and Defendant Pawlik are devoid of immunity or privilege and are personally liable for the damages sustained by Plaintiff.

50.  Defendant Steele and Defendant Pawlik, in the alternative, acted recklessly and wil a lack of due regard for the rights, privileges and immunities of Plaintiff.

51.  As a direct and proximate result of Defendant Steele's and Defendant Pawlik's conduct, the Plaintiff has suffered monetary losses, loss of standing and reputation in the community, humiliation and such other damages as may become apparent, including but not limited to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that this Court enter an Order providing that:

A: Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against current and prospective employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B: Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increase, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

C: Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D: Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including for emotional distress;

E:  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F:  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G:  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also rendered this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Ryan C. Gardner, Esquire
211 West 4th Street
Williamsport, PA 17701
570.323-3772

Dated: April 19, 2017

EEOC  · 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Alyssa Rogers**
**280 3rd Street**
**New Columbia, PA 17856**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-00165** | Legal Unit | **(215) 440-2828** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Spencer H. Lewis, Jr.,_
District Director

1/26/17
(Date Mailed)

Enclosures(s)

cc:
Robin B. Snyder
Esquire
Marshall Dennehey
P.O. Box 3118
Scranton, PA 18505

Ryan Gardner
LAW OFFICES OF RYAN C. GARDNER
211 West 4th Street
Williamsport, PA 17701